Case 4:23-cv-03983   Document 23   Filed on 03/28/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEHMET YILDIRIM,<br>　　Plaintiff, | §<br>§<br>§ |
| VS. | § CIVIL ACTION NO. 4:23-CV-03983 |
| ALEJANDRO MAYORKAS, *et al.*,<br>　　Defendants. | §<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

This matter arises out of Plaintiff Mehmet Yildirim's pending application for asylum. Before the Court is Defendants Alejandro Mayorkas, Ur M. Jaddou, and George Mihalko's Motion to Dismiss (Dkt. 14). After careful consideration of the motion, the response, the reply, and the applicable law, the Court **GRANTS** the Motion (Dkt. 14) and **DISMISSES** the lawsuit.

### I.　　FACTUAL BACKGROUND

Plaintiff Mehmet Yildirim ("Yildirim") brings this matter against Defendant Alejandro Mayorkas as the Secretary of the U.S. Department of Homeland Security,[1] Defendant Ur M. Jaddou as the Director of the U.S. Citizenship and Immigration Services ("USCIS"), and Defendant George Mihalko as the Director of the USCIS Houston Asylum

---

[1] Alejandro Mayorkas was the acting Secretary at the time this lawsuit was filed, having served as the Secretary of the U.S. Department of Homeland Security from February 2021 to January 2025. *See* (Dkt. 1). Kristi Noem is the current Secretary and, as Alejandro Mayorkas's successor, she should be automatically substituted as a party. FED. R. CIV. P. 25(d). Still, given that the Court is dismissing the lawsuit, Alejandro Mayorkas's name remains for the consistency of the record. *See id.* ("Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded.")

1 / 8

Office. *See* (Dkt. 1). Yildirim alleges that Defendants, in their official capacities, have violated the Immigration and Nationality Act and the Administrative Procedure Act by failing to schedule his asylum interview. (*Id*. at pp. 9 – 12).

Yildirim is a native and citizen of Turkey who is a "long-term follower and member of the … Hizmet movement." (*Id*. at pp. 7 - 8). The Turkish government imprisoned Yildirim for his involvement in the movement, and—four years after his release—Yildirim left Turkey and entered the United States on an E-2 visa. *Id*. "Fearing that he would be arrested and imprisoned if returned to Turkey in the event his E-2 status were to be terminated," Yildirim filed an application for asylum with USCIS. *Id*. His application has been pending for three years. *Id*.

Yildirim alleges that Defendants' delay on his application violates the "statutory deadline" to adjudicate asylum claims in the Immigration and Nationality Act. *Id*. He further argues that Defendants' delay violates the Administrative Procedures Act because it is unreasonable. (*Id*. at pp. 9 – 12). Additionally, Yildirim alleges that USCIS's current Last-In-First-Out policy ("LIFO") for working through its backlog similarly violates the Administrative Procedures Act because it is arbitrary and capricious. (*Id*. at p. 10).

Yildirim seeks mandamus relief, requesting that the Court compel Defendants to schedule an interview for his application within thirty days and render a decision within thirty days from the date of the interview. (*Id*. at p. 12). Defendants argue that the Court lacks subject-matter jurisdiction to hear Yildirim's claims. *See* (Dkts. 14, 21). They move

to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Id*.

## II. LEGAL STANDARD AND APPLICABLE LAW

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the Court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. The Court finds that Yildirim's claims are appropriate for dismissal under Rule 12(b)(1) and does not reach the parties' arguments under Rule 12(b)(6) or, in the alternative, Rule 56.

**B.     The Immigration and Nationality Act**

The Immigration and Nationality Act ("INA") governs the admission of noncitizens into the United States. 8 U.S.C. § 1101 *et seq*. The INA permits any noncitizen "who is physically present in the United States or who arrives in the United States … irrespective of … status," to apply for asylum. 8 U.S.C. § 1158(a)(1). An asylum applicant must meet the definition of a "refugee" by establishing that they either experienced past persecution or have a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The applicant also must establish that he or she warrants a favorable exercise of discretion. *Id*. § 1158(b)(1)(A) (providing that the Secretary of Homeland Security "may" grant asylum to a noncitizen who meets the definition of a refugee).

**B.     The Administrative Procedure Act**

Under the Administrative Procedure Act ("APA"), the Court has jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, this jurisdiction extends only to the unreasonable delay of discrete actions the agency is *required* to take. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*[.]") (emphasis in original); *Fort Bend Cnty. v. United States Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023) ("The second requirement under section 706(1) is that the plaintiff identify discrete agency action the agency is *legally required* to take.") (emphasis in original).

Additionally, under the APA, a "reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, the APA prohibits programmatic challenges seeking "wholesale improvement" of an agency's programs by court decree. *Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 490 (5th Cir. 2014) (quoting *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000) (en banc)); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

### III.   ANALYSIS

The Court finds that it does not have subject-matter jurisdiction over Yildirim's INA, APA, or mandamus claims. The INA does not provide a private right of action to sue to enforce its aspirational timelines for asylum applications. Similarly, the APA cannot be used to challenge discretionary action or programs. Finally, federal courts may not provide mandamus relief where no clear right to relief exists. Accordingly, while the Court is sympathetic to Yildirim's frustrations, this lawsuit must be dismissed.

**A.   Violation of the INA and the APA**

Plaintiff brings claims for unreasonable delay and arbitrary and capricious agency action under the INA and the APA. (Dkt. 1 at pp. 9 – 12). The Court finds that neither the INA nor the APA provide a mechanism to sue Defendants for the delay in adjudicating Yildirim's asylum application. Accordingly, the Court does not have subject-matter jurisdictions over these claims, and they must be dismissed.

The INA directs the Secretary of Homeland Security to establish procedures to conduct an initial interview or hearing on an asylum application within 45 days of the filing of the application, absent exceptional circumstances. 8 U.S.C. § 1158(d)(5)(A)(ii). The INA also directs that adjudication of an asylum application be completed within 180 days of its filing, absent exceptional circumstances. *Id*. § 1158(d)(5)(A)(iii). However, section 1158(d)(7), titled "No private right of action," explicitly provides that these interview and adjudication timeframes are aspirational and do not create a right of action enforceable against the federal government. *Id*. § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). Therefore, this Court does not have jurisdiction over Plaintiff's claims alleging a violation under the INA, and these claims must be dismissed.

Under the APA, "[a] court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *U.S. Army Corps of Eng'rs*, 59 F.4th at 197 (quoting *Norton*, 542 U.S. at 63). As the time constraints in the INA are aspirational, Yildirim has not demonstrated that Defendants must adjudicate his asylum application within a certain number of days. *See* 8 U.S.C. § 1158(d)(7). Though Yildirim has certainly demonstrated a delay, the Court finds that he has not established that such delay is subject to relief under the APA as a violation of a discrete, required agency action. Further, the APA prohibits programmatic challenges like the one proffered by Yildirim against LIFO in this lawsuit.

*See Ala.-Coushatta Tribe of Tex*, 757 F.3d at 490 (quoting *Sierra Club*, 228 F.3d at 566) ("The Supreme Court's decision in *Lujan* announced a prohibition on … challenges that seek wholesale improvement of an agency's programs by court decree, rather than through Congress or the agency itself where such changes are normally made."). Accordingly, Yildirim's claims under the APA must fail.

**B.     Mandamus**

Plaintiff brings a claim for mandamus requesting that the Court compel Defendants to schedule Plaintiff for an interview within thirty days and to render a decision on the application within thirty days from the date of the interview. (Dkt. 1 at p. 12). Federal district courts have jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Still, a writ of mandamus is only available if a plaintiff makes three showings: (1) that the plaintiff has a clear right to the relief, (2) that the defendant has a clear duty to perform the act in question, and (3) that "no other adequate remedy is available." *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citations omitted). Even where these requirements are met, "[m]andamus is awarded only 'in the exercise of a sound judicial discretion.'" *Id.* (quoting *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311 (1917)).

The Court finds that Yildirim's claim for mandamus relief fails because he is unable to demonstrate a clear right to relief. As discussed above, Yildrim has no viable claim under the APA. Further, the INA expressly states that no private right of action arises from the

asylum application processing timeframes. 8 U.S.C. § 1158(d)(7). The Court holds that section 1158(d)(7) of the INA precludes granting mandamus relief compelling the adjudication of an asylum application within a set period of time.[2] Accordingly, this claim must be dismissed.

## IV.  CONCLUSION

The statutes that Plaintiff relies upon cannot bring him the relief he seeks. The INA does not provide Yildirim a private right of action to challenge the delay of the adjudication of his asylum application—nor does the APA. Relatedly, the Court may not grant Yildirim's claim for mandamus because he has demonstrated no clear right to relief. Accordingly, the Court must **GRANT** Defendants' motion (Dkt. 14) and **DISMISS** the case. Final judgment is to follow.

SIGNED at Houston, Texas on March 28, 2025.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Other courts have recently held the same. *See, e.g., Ayvali v. United States*, No. 1:23-CV-896-RP, 2024 U.S. Dist. LEXIS 54712, at *11 (W.D. Tex. Mar. 27, 2024); *Ayana v. Jaddou*, No. H-23-2937, 2023 U.S. Dist. LEXIS 229411, 2023 WL 8936700, at *3 (S.D. Tex. Dec. 27, 2023); *Salar v. U.S. Citizenship & Immigr. Servs.*, No. CV 23-1997, 2023 U.S. Dist. LEXIS 224377, at *3 (E.D. La. Dec. 18, 2023); *Chen v. Wolf*, No. 19 Civ. 9951 (AJN), 2020 U.S. Dist. LEXIS 217805, at *3 (S.D.N.Y. Nov. 20, 2020).